# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 02-562V
Filed: March 13, 2015
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
SANTOS MORA, father and                       \*
next friend of D.M., a minor,                     \*          Decision on Interim Attorneys'
                                                                  \*          Fees and Costs
                                                                  \*
            Petitioner,                                       \*
                                                                  \*
      v.                                                        \*
                                                                  \*
SECRETARY OF HEALTH AND            \*
HUMAN SERVICES                                \*
                                                                  \*
            Respondent.                                  \*
                                                                  \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS

**HASTINGS,** *Special Master*.

On May 31, 2002, Petitioner filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[1] alleging that D.M. was injured by a vaccine or vaccines listed on the Vaccine Injury Table. See § 14. On February 24, 2015, Petitioner filed a motion for interim attorneys' fees and costs. On March 10, 2015, the parties filed a joint stipulation concerning interim attorney's fees and costs incurred in this matter. The parties' stipulation requests a total payment of $10,342.00, representing attorneys' fees and costs. Respondent does not object to an award of this amount.[2]

---

[1] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

[2] The parties' stipulation includes a footnote indicating that respondent maintains that the Vaccine Act does not authorize the requested interim fees. However, that footnote also states that respondent elects not to raise that statutory objection at this time.

1

I find that an award of interim attorneys' fees and costs is appropriate in this case. Interim attorneys' fees and costs are explicitly authorized by the binding precedent of the United States Court of Appeals for the Federal Circuit. *Avera v. HHS*, 515 F.3d 1343; *Shaw v. HHS*, 609 F.3d 1372, 1374 (Fed. Cir. 2010) ("the Vaccine Act permits [an] award of interim fees and costs"); *Cloer v. HHS*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012) ("Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."). *See also* Vaccine Rule 13(b).

**The request for interim attorneys' fees and costs is hereby granted.** I find that the petition was brought in good faith and upon a reasonable basis, and the amounts requested are reasonable and appropriate. Accordingly, I hereby award the following attorneys' fees and costs pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1):

- a lump sum of $10,342.00, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Michael Baseluos, on account of services performed by counsel's law firm.

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).